# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WALTER TAYLOR, JR.,<br><br>Petitioner,<br><br>v.<br><br>C. PFEIFFER,<br><br>Respondent. | Case No. 1:17-cv-01699-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO DENY AS MOOT PETITIONER'S MOTION FOR STAY AND DENY RESPONDENT'S MOTION TO DISMISS<br><br>(ECF Nos. 10, 12) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On July 23, 2013, Petitioner was convicted by a jury in the Fresno County Superior Court of: attempted premeditated murder (count 1); two counts of assault with a firearm (counts 2, 3); and being a felon in possession of a firearm (count 4). Petitioner was sentenced to life with the possibility of parole on count 1 plus twenty-five years to life for personally inflicting great bodily injury, a concurrent term of eight years for count 3, and a concurrent term of six years for count 4. The eight-year term on count 2 was stayed. (LD[1] 1). On August 31, 2015, the California Court of Appeal, Fifth Appellate District affirmed the judgment. People v. Taylor, No. F067854, 2015 WL 5121899, at *5 (Cal. Ct. App. Aug. 31, 2015), as modified on denial of reh'g (Sept. 16,

---
[1] "LD" refers to the documents lodged by Respondent on March 9, 2018. (ECF No. 14).

1

2015). On November 10, 2015, the California Supreme Court denied the petition for review. (LDs 4, 5). Thereafter, Petitioner filed nine state post-conviction collateral challenges. (LDs 6, 8, 10, 12, 14, 16, 18, 20, 22).

On December 10, 2017,[2] Petitioner constructively filed the instant federal petition for writ of habeas corpus. (ECF No. 1). On January 8, 2018, Petitioner filed a motion for stay and abeyance. (ECF No. 10). On February 27, 2018, Respondent filed a motion to dismiss the petition as untimely and opposition to the motion for stay. (ECF No. 12). Petitioner has filed an opposition to the motion to dismiss and reply in support of his motion for stay. (ECF No. 19).

## II.

## DISCUSSION

### A. Statute of Limitations

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") was signed into law. AEDPA imposes various requirements on petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The instant petition was filed after the enactment of AEDPA and is therefore governed by its provisions. AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[2] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 12 at 6 n.2).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. Here, the judgment became final on February 8, 2016, when the ninety-day period to file a petition for writ of certiorari in the United States Supreme Court expired. See Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). The one-year limitation period commenced running the following day, February 9, 2016, and absent tolling, was set to expire on February 8, 2017. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

### B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). A habeas petition that is untimely under state law is not "properly filed." Pace v. DiGuglielmo, 544 U.S. 408, 413 (2005). Therefore, "none of the time before or during the state court's consideration of an untimely petition is tolled for purposes of AEDPA's limitations period." Curiel v. Miller, 830 F.3d 864, 868 (9th Cir. 2016) (en banc) (citing Evans v. Chavis, 546 U.S. 189, 197 (2006)). "[I]f a California court dismisses a habeas petition without comment, or even if it reviews a petition on the merits without discussing timeliness, a federal court 'must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness.'" Robinson v. Lewis, 795 F.3d 926, 929 (9th Cir. 2015) (quoting Chavis, 546 U.S. at 197–98).

California courts apply a general "reasonableness" standard to determine whether a state habeas petition is timely. Carey v. Saffold, 536 U.S. 214, 222 (2002). Because "California courts had not provided authoritative guidance on this issue," the Supreme Court "made its own conjecture . . . 'that California's "reasonable time" standard would not lead to filing delays substantially longer than' between 30 and 60 days." Robinson, 795 F.3d at 929 (quoting Chavis, 546 U.S. at 199). However, if a petitioner demonstrates good cause, California courts allow a longer delay. Robinson, 795 F.3d at 929 (citing In re Robbins, 18 Cal. 4th 770, 780 (1998)).

1. First State Post-Conviction Collateral Challenge

On October 19, 2014, Petitioner constructively filed a state habeas petition in the Fresno County Superior Court. (LD 6). On November 20, 2014, the Fresno County Superior Court denied the petition. (LD 7). As this state habeas petition was filed and denied before the one-year limitation period commenced, Petitioner is not entitled to statutory tolling for the period during which Petitioner's first state post-conviction collateral challenge was pending. See Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008) (finding that a state habeas petition filed and denied before the federal limitations period began to run "ha[s] no effect on the timeliness of the ultimate federal filing").

2. Second State Post-Conviction Collateral Challenge

On March 9, 2016, Petitioner constructively filed another state habeas petition in the Fresno County Superior Court, which denied the petition on May 3, 2016. (LDs 8, 9). Respondent argues that Petitioner's second state post-conviction collateral challenge does not toll the limitation period because the petition was alternatively denied as untimely with citation to In re Clark, 5 Cal. 4th 750 (Cal. 1993). (ECF No. 12 at 10).[3]

The Court finds Respondent's argument unpersuasive. The Fresno County Superior Court directly quoted the following language from Clark:

> "In this state a defendant is not permitted to try out his contentions piecemeal by *successive* proceedings attacking the validity of the judgment against him." (*In re Clark* (1993) 5 Cal.4th 750, 767–768.) "Before a *successive* petition will be entertained on its merits the petitioner must explain and justify the failure to

---
[3] Page numbers refer to ECF page numbers stamped at the top of the page.

present claims in a timely manner in his prior petition or petitions." (*Id*. at p. 774.) "With the exception of petitions which allege facts demonstrating that a fundamental miscarriage of justice has occurred …, unjustified *successive* petitions will not be entertained on their merits." (*Id*. at p. 775.)

(LD 9 at 2) (emphasis added). Clark discusses several procedural bars used by California courts, and it is clear the Fresno County Superior Court cited to Clark for the proposition that unjustified successive petitions generally will not be entertained on the merits. The superior court did not alternatively deny Petitioner's second state post-conviction collateral challenge as untimely.

"[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." Artuz v. Bennett, 531 U.S. 4, 8 (2000). "[T]he question whether an application has been 'properly filed' is quite separate from the question whether the claims *contained in the application* are meritorious and free of procedural bar." Id. at 9. Accordingly, the Court finds that Petitioner is entitled to statutory tolling for the period Petitioner's second state post-conviction collateral challenge was pending.

### 3. Third State Post-Conviction Collateral Challenge

After Petitioner's second state post-conviction collateral challenge was denied, Petitioner filed a notice of appeal. (LD 10). On September 1, 2016, the California Court of Appeal, Fifth Appellate District dismissed the appeal because "a denial of a petition for writ of habeas corpus is not appealable." (LD 11). Respondent argues that the third state post-conviction collateral challenge was not properly filed. (ECF No. 12 at 11).

The Court finds that Petitioner's third state post-conviction collateral challenge was not properly filed. See Ramirez v. Yates, 571 F.3d 993, 999 (9th Cir. 2009) ("Because the denial of the writ was determined to be not appealable in this case, Ramirez's appeal was not properly filed and the pendency of the appeal did not toll the limitations period."). Therefore, Petitioner is not entitled to statutory tolling for the period Petitioner's third state post-conviction collateral challenge was pending.

### 4. Fourth State Post-Conviction Collateral Challenges

On September 9, 2016, Petitioner constructively filed a state habeas petition in the California Court of Appeal, Fifth Appellate District, which summarily denied the petition on

5

December 2, 2016. (LDs 12, 13). Respondent argues that because Petitioner's fourth state post-conviction collateral challenge raised the same issues as the second collateral challenge, the California Court of Appeal's silent denial "must be deemed to rest upon the same grounds stated by the state superior court in its denial of Petitioner's second state petition, including its invocation of California's bars on successiveness and untimeliness." (ECF No. 12 at 12).

As set forth in section II(B)(2), *supra*, the Court has found that the Fresno County Superior Court cited to Clark for the proposition that unjustified successive petitions generally will not be entertained on the merits rather than untimeliness. However, as the fourth state post-conviction collateral challenge was denied without discussing timeliness, this Court "must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." Chavis, 546 U.S. at 197–98.

Only seven days elapsed between the date the California Court of Appeal dismissed Petitioner's third state post-conviction collateral challenge (September 1, 2016) and the date Petitioner filed his subsequent habeas petition in the California Court of Appeal (September 9, 2016), which is well within Chavis's thirty-to-sixty-day benchmark. Therefore, Petitioner's fourth state post-conviction collateral challenge was timely, and Petitioner is entitled to statutory tolling for the period during the California Court of Appeal's consideration of Petitioner's fourth state post-conviction challenge.[4]

5. Fifth State Post-Conviction Collateral Challenge

While Petitioner's fourth state post-conviction collateral challenge was pending in the California Court of Appeal, Petitioner filed a state habeas petition in the California Supreme Court, which summarily denied the petition on December 14, 2016. (LDs 14, 15). As there was no delay, Petitioner's fifth state post-conviction collateral challenge was timely, and Petitioner is entitled to statutory tolling for the period during the California Supreme Court's consideration of Petitioner's fifth state post-conviction challenge.

---

[4] Respondent contends that Petitioner is not entitled to tolling for the seven-day interval between the California Court of Appeal's dismissal of the third state post-conviction collateral challenge and the filing of the fourth post-conviction collateral challenge in the same court. (ECF No. 12 at 24). The Court assumes, without deciding, that Petitioner is not entitled to tolling for the seven-day interval.

### 6. Sixth State Post-Conviction Collateral Challenge

Meanwhile, as the fifth state post-conviction collateral challenge was pending before the California Supreme Court, Petitioner filed his sixth state post-conviction collateral challenge (a petition for writ of habeas corpus) in the Fresno County Superior Court on December 6, 2016. (LD 16). Respondent does not argue that this state habeas petition was improperly filed and acknowledges that Petitioner is entitled to statutory tolling. (ECF No. 12 at 13). Accordingly, Petitioner is entitled to statutory tolling for the period Petitioner's sixth state post-conviction collateral challenge was pending.

### 7. Seventh State Post-Conviction Collateral Challenge

After Petitioner's sixth state post-conviction collateral challenge was denied, Petitioner filed a notice of appeal. (LD 18). On May 4, 2017, the California Court of Appeal, Fifth Appellate District dismissed the appeal because "a superior court order denying a petition for writ of habeas corpus is not an appealable order." (LD 19). Respondent argues that the seventh state post-conviction collateral challenge was not properly filed. (ECF No. 12 at 13–14).

The Court finds that Petitioner's seventh state post-conviction collateral challenge was not properly filed. See Ramirez, 571 F.3d at 999 ("Because the denial of the writ was determined to be not appealable in this case, Ramirez's appeal was not properly filed and the pendency of the appeal did not toll the limitations period."). Therefore, Petitioner is not entitled to statutory tolling for the period Petitioner's seventh state post-conviction collateral challenge was pending.

### 8. Eighth State Post-Conviction Collateral Challenge

On July 5, 2017, Petitioner constructively filed a state petition for writ of habeas corpus in the California Court of Appeal, Fifth Appellate District, which denied the petition on September 8, 2017. (LDs 20, 21). Respondent argues that Petitioner unreasonably waited sixty-one days to file his petition and thus, it was improperly filed. (ECF No. 12 at 16–17).

The Ninth Circuit has held that delays of 115, 101, and 81 days make a California state habeas petition untimely unless the petitioner can show good cause. Robinson, 795 F.3d at 930 (citing Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010)). However, the Ninth Circuit has not adopted a bright-line rule that

unexplained delays exceeding sixty days is per se unreasonable, and currently is awaiting an answer from the California Supreme Court regarding whether sixty-six days is a substantial delay rendering a state petition untimely. Robinson, 795 F.3d at 931, 935. The Robinson panel noted that "[u]nder our precedent, we could hold either that the 66–day period is tolled because it is not substantially longer than the 30 to 60 days other states permit, or we could hold it is not tolled because it is beyond Chavis's 30 to 60–day benchmark and no good cause exists." Robinson, 795 F.3d at 935 (citing Chaffer, 592 F.3d at 1048; Stewart, 757 F.3d at 935–36).

Mindful that "no Ninth Circuit case addresses a delay of this length and district courts are split," Robinson, 795 F.3d at 933, the Court finds that the sixty-one-day delay was not unreasonable. Therefore, Petitioner's eighth state post-conviction collateral challenge was timely filed, and Petitioner is entitled to statutory tolling for the period during the California Court of Appeal's consideration of Petitioner's eighth state post-conviction challenge.[5]

9. Ninth State Post-Conviction Collateral Challenge

On November 15, 2017, Petitioner constructively filed a state petition for writ of habeas corpus in the California Supreme Court, which denied the petition on February 21, 2018. (LDs 22, 23). Respondent argues that Petitioner took longer to file his ninth petition than permitted and thus, it was improperly filed. (ECF No. 12 at 17).

Here, sixty-seven days elapsed between the date the California Court of Appeal denied Petitioner's eighth state post-conviction collateral challenge (September 8, 2017) and Petitioner filed his subsequent habeas petition in the California Supreme Court (November 15, 2017). Again, mindful that "no Ninth Circuit case addresses a delay of this length and district courts are split," the Court finds that the sixty-seven-day delay was not unreasonable. Therefore, Petitioner's ninth state post-conviction collateral challenge was timely filed, and Petitioner is entitled to statutory tolling for the period the petition was pending, including the interval between the California Court of Appeal's adverse decision on the eighth petition and when the ninth petition was filed. See Chavis, 546 U.S. at 193.

---

[5] The Court assumes, without deciding, that Petitioner is not entitled to tolling for the interval between the California Court of Appeal's dismissal of the seventh state post-conviction collateral challenge and the filing of the eighth post-conviction collateral challenge in the same court.

10. Conclusion

The Court finds that the instant federal petition was filed within the one-year limitation period when statutory tolling is applied. Twenty-nine days elapsed between the date Petitioner's state conviction became final (February 8, 2016) and the date Petitioner filed his second state post-conviction collateral challenge in the Kern County Superior Court (March 9, 2016).[6] AEDPA's one-year clock stopped while Petitioner's second state post-conviction collateral challenge was pending (March 9, 2016–May 3, 2016). As the third state post-conviction collateral challenge was not "properly filed," the 128-day period between the denial of Petitioner's second state post-conviction collateral challenge (May 3, 2016) and the date the fourth state post-conviction collateral challenge was filed (September 9, 2016) is not tolled. The clock then stopped while Petitioner's fourth, fifth, and sixth state post-conviction collateral challenges were pending (September 9, 2016–February 3, 2017). As the seventh state post-conviction collateral challenge was not "properly filed," the 151-day period between the denial of Petitioner's sixth state post-conviction collateral challenge (February 3, 2017) and the date the eighth state post-conviction collateral challenge was filed (July 5, 2017) is not tolled. The clock then stopped while Petitioner's eighth and ninth state post-conviction collateral challenges were pending (July 5, 2017–February 21, 2018).

This adds up to a total of 308 days, which does not exceed the one-year limitation period. Accordingly, the instant federal petition is timely when statutory tolling is applied.

**C. Motion for Stay**

A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by

---

[6] As set forth in section II(B)(1), *supra*, Petitioner's first state post-conviction collateral challenge was filed and denied before the limitation period commenced and thus, "ha[s] no effect on the timeliness of the ultimate federal filing." Waldrip, 548 F.3d at 735.

1 providing the highest state court with a full and fair opportunity to consider each claim before
2 presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v.
3 Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971). If Petitioner has
4 not sought relief in the California Supreme Court for the claims that he raises in the instant
5 petition, the Court cannot proceed to the merits of that claim. 28 U.S.C. § 2254(b)(1).

Petitioner requests the Court to hold the petition in abeyance while he exhausts his unexhausted claims in state court. (ECF No. 10). In the opposition, Respondent notes that the California Supreme Court has now ruled on all the claims in the petition and thus, a stay is not appropriate. (ECF No. 12 at 17). Respondent argues that this Court "should either dismiss the formerly unexhausted claim (claim two) and allow Petitioner to amend the claim back into the petition or . . . deem[] claim two filed as of the date the state supreme court disposed of that claim—February 21, 2018." (ECF No. 12 at 18).

Given that all the claims in the petition now have been presented to and ruled upon by the California Supreme Court, the undersigned finds that a stay in this proceeding is not warranted. Therefore, the motion for stay should be denied as moot. Per Respondent's suggestion, the Court will deem claim two filed as of February 21, 2018. As set forth in section II(B), *supra*, the claim is timely.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 12) be DENIED; and

2. Petitioner's motion for stay (ECF No. 10) be DENIED as MOOT.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the

objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 19, 2018**

UNITED STATES MAGISTRATE JUDGE