# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WALTER TAYLOR, JR., | Case No. 1:17-cv-01699-LJO-SAB-HC |
| Petitioner, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATION, DENYING AS MOOT PETITIONER'S MOTION TO STAY, DENYING WITHOUT PREJUDICE RESPONDENT'S MOTION TO DISMISS, AND REMANDING MATTER BACK TO MAGISTRATE JUDGE |
| v. | |
| C. PFEIFFER, | |
| Respondent. | |
| | (ECF Nos. 10, 12, 24) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On June 19, 2018, the Magistrate Judge issued Findings and Recommendation that recommended denying as moot Petitioner's motion to stay and denying Respondent's motion to dismiss. (ECF No. 24). On July 26, 2018, Respondent filed timely objections. (ECF No. 27).

The Court notes that in the objections, Respondent cites to authority that was not referenced in the motion to dismiss or the reply and certain arguments raised in the objections explicitly contradict the contentions set forth in Respondent's motion to dismiss. For example, in the motion to dismiss, Respondent argues that Petitioner unreasonably waited *sixty-one* days to file his eighth post-conviction collateral challenge. (ECF No. 12 at 16–17). However, in the objections, Respondent contends that the delay should be calculated as *152* days to include the

time of the improperly filed seventh post-conviction collateral challenge. (ECF No. 27 at 5). Although the Ninth Circuit has "repeatedly held that in certain circumstances a district court abuses its discretion when it fails to consider new arguments or evidence proffered by a *pro se* habeas petitioner . . . in objecting to a magistrate judge's R & R," there is a distinction between a litigant who is represented by counsel and a *pro se* petitioner. Sossa v. Diaz, 729 F.3d 1225, 1231 (9th Cir. 2013). See Espinoza-Matthews v. California, 432 F.3d 1021, 1026 n.4 (9th Cir. 2005); Brown v. Roe, 279 F.3d 742, 745 (9th Cir. 2002). Here, Respondent is represented by counsel and Respondent does not provide an explanation for the conflicting contentions in the motion to dismiss and the objections. Accordingly, the Court will exercise its discretion and decline to consider the new arguments raised in Respondent's objections.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a de novo review of the matter. Having carefully reviewed the entire file, including Respondent's objections except as discussed above, the Court concludes that the motion to dismiss will be denied *without prejudice* to renewing the motion after the Court rules on the merits of the petition. Ordinarily procedural bar issues are resolved first,[1] but courts have recognized that "[p]rocedural bar issues are not infrequently more complex than the merits issues . . . so it may well make sense in some instances to proceed to the merits if the result will be the same." Franklin v. Johnson, 290 F.3d 1223, 1232 (9th Cir. 2002) (citing Lambrix v. Singletary, 520 U.S. 518, 525 (1997)). In the instant case, the Court finds that the interests of justice will be better served by adjudicating Petitioner's claims on the merits rather than re-litigating a statute of limitations defense based on belated and conflicting arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. The Findings and Recommendation issued on June 19, 2018 (ECF No. 24) is ADOPTED IN PART;
2. Petitioner's motion for stay (ECF No. 10) is DENIED as MOOT;
3. Respondent's motion to dismiss (ECF No. 12) is DENIED WITHOUT PREJUDICE

---

[1] "[T]he AEDPA 'statute of limitations defense . . . is not jurisdictional.'" Holland, 560 U.S. 631 at 645 (internal quotation marks omitted) (quoting Day v. McDonough, 547 U.S. 198, 205 (2006)).

to renewing the motion[2] after the Court rules on the merits of the petition; and

4. The matter is referred back to the Magistrate Judge for further proceedings.

IT IS SO ORDERED.

Dated: **August 23, 2018**     **/s/ Lawrence J. O'Neill**
UNITED STATES CHIEF DISTRICT JUDGE

---

[2] The parties will be provided an opportunity to file supplemental briefing to include additional arguments.